Nathan G. Kanute, Esq.
Nevada Bar No. 12190
SNELL & WILMER L.L.P.
5520 Kietzke Lane, Suite 200
Reno, NV 89511-3041
Telephone: (775) 785-5440
Facsimile: (775) 785-5441
Email: nkanute@swlaw.com
*Attorneys for Plaintiff Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Interpleader Plaintiff, <br><br> v. <br><br> ALAR LLC; LUCIFER JAMES ROSE; KADEN B. KEYES; VINCENT A. SADDLER; ATIF IKRAM SAADIA SHEIKH; TONGXIN PAN; JACINTO L. INZUNZA; DAVID J. BISHOP; KAI CHI WONG; STUART W. KEEN, JR., <br><br> Interpleader Defendants. | Case No. 2:25-cv-02059-JCM-BNW <br><br> **ORDER GRANTING INTERPLEADER PLAINTIFF WELLS FARGO'S MOTION TO (1) DISMISS, (2) INTERPLEAD, (3) BE RELIEVED AS STAKEHOLDER, AND (4) AWARD FEES AND COSTS** |

This matter having come before the Court pursuant to Interpleader Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") *Motion to (1) Dismiss, (2) Interplead, (3) Be Relieved as Stakeholder, and (4) Award Fees and Costs* [ECF No. 40] (the "Motion") filed on March 11, 2026, along with the declaration of Nathan G. Kanute in support of the Motion (the "Kanute Declaration"); notice of the Motion having been properly given; no opposition to the Motion having been filed; the Court having considered the Motion and the Kanute Declaration; and good cause having been shown; the Court finds and orders as follows:

**FINDINGS OF FACT**

1.      Wells Fargo holds funds in the following accounts with balances as of September 16, 2025, as follows: (1) Alar account ending 6196 (account balances approximately $4,428.98, the "Alar Account"); and (2) Rose account ending 8505 (account balance approximately $49,083.85, the "Rose Account", collectively with the Alar Account, the "Accounts").

4919-5288-2589

2. Interpleader Defendants Rose, Alar, Saddler, and Inzunza have asserted in these proceedings that they are entitled to the funds remaining in the Accounts. Accordingly, competing and adverse claims to the funds in the Accounts have been made.

3. The value of the money in the Accounts exceeds $500 and two or more of the Interpleader Defendants claiming entitlement to the funds are residents of and domiciled in different states.

4. Other than its request in the Motion for fees and costs associated with this action, Wells Fargo does not claim it is entitled to the funds in the Accounts.

5. Wells Fargo requested an award of $18,013.30 in attorneys' fees and costs in the Motion, which was supported by the Kanute Declaration.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335.

2. Wells Fargo was entitled to "file an interpleader action to protect itself against problems posed by multiple claimants to a single fund." *Pruco Life Ins. Co. v. Martin*, No. 2:11-CV-00186-GMN, 2011 WL 3627282, at *1 (D. Nev. Aug. 16, 2011) (quoting *Minnesota Mutual Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)). Interpleader "enables a person or entity in possession of a tangible res or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake." *Intersecurities, Inc. v. Mironov*, No. 2:07-CV-01656 (BES) (RJJ), 2008 WL 11388737, at *1 (D. Nev. Dec. 11, 2008). This Court "has broad powers in an interpleader action." *Id.*

3. Wells Fargo is entitled to an award of attorneys' fees and costs related to filing this interpleader. *See Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962); *G. Dallas Horton & Assocs. v. Harris*, No. 2:15-CV-1693 (JCM) (GWF), 2016 WL 4060306, at *1 (D. Nev. July 28, 2016); *Nevada Title Co. v. Lil Rascals*, No. 2:07-CV-0650-RLH-PAL, 2007 WL 4458172, at *3 (D. Nev. Dec. 12, 2007).

4. Wells Fargo's requested award of $18,013.30 in attorneys' fees and costs is reasonable and modest in light of the work performed to preserve the funds on deposit due to the competing claims.

- 2 -

4919-5288-2589

5.      The Court has considered the factors in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) in determining that the award of attorneys' fees and costs is appropriate.

### JUDGMENT

Based on the foregoing Findings of Fact and Conclusions of Law, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Wells Fargo's Motion is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Wells Fargo is awarded its attorneys' fees and costs in the amount of $18,013.30, which it may deduct from the funds in the Accounts before depositing those funds with the Clerk of the Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, Wells Fargo shall deposit into the Clerk of the Court the funds held in the Accounts, minus the amount awarded in this Order for Wells Fargo's reasonable attorneys' fees and costs.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Wells Fargo is dismissed from this action with prejudice and discharged from all further liability with respect to, affecting, or in any way arising out of the Accounts.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Interpleader Defendants are permanently enjoined from instituting or prosecuting any other proceeding, arbitration, or lawsuit against Wells Fargo relating in any way to the Accounts, as well as any and all claims that were or could have been raised in this action against Wells Fargo relating to the Accounts.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

DATED: ___April 8, 2026_____

- 3 -

4919-5288-2589

Snell & Wilmer
L.L.P.
LAW OFFICES
5520 Kietzke Lane, Suite 200
Reno, Nevada  89511-3041
775.785.5440