UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>ALAR LLC; LUCIFER JAMES ROSE; KADEN B. KEYES; VINCENT A. SADDLER; ATIF IKRAM SAADIA SHEIKH; TONGXIN PAN; JACINTO L. INZUNA; DAVID J. BISHOP; KAI CHI WONG; STUART W. KEEN, JR.,<br><br>Defendants. | Case No. 2:25-cv-02059-JCM-BNW<br><br>**ORDER** |

Presently before the court is defendant Jacinto L. Inzunza's *pro se* motion for disbursement of interpleaded funds. (ECF No. 47). Inzunza requests the court to adjudicate and award his share of the interpleader award. (*Id.* at 4). However, disbursement is not appropriate at this time.

There are three other claimants who have an interest to the fund—Alar LLC, Lucifer James Rose, and Vincent Saddler—as they all answered the action without disclaiming their interest. (ECF Nos. 23, 29, 37). Inzunza has not ensured that the other claimants have no entitlement in the fund.

For the court to properly distribute interpleader funds, the claimant has the burden of establishing the right to the fund or property by a preponderance of the evidence. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)) (appearing claimants must demonstrate entitlement to benefits).

Neither Inzunza, nor any other remaining claimants, have established their entitlement to the interpleaded funds. In fact, defendant Lucifer James Rose filed a response opposing Inzunza's motion, arguing that Inzunza is not entitled to the funds at this time. (ECF No. 48).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Jacinto L. Inzunza's *pro se* motion for disbursement of interpleaded funds (ECF No. 47) be, and the same hereby is, DENIED

without prejudice, but the court provides leave to amend the motion asserting his entitlement. Inzunza must file his amended motion by November 25, 2026.

IT IS FURTHER ORDERED that the court also grants leave for defendants Alar LLC, Lucifer James Rose, and Vincent Saddler to assert their entitlement to the fund by November 25, 2026.

IT IS FURTHER ORDERED that any listed claimant's failure to timely assert their entitlement may constitute a waiver to their respective share of interpleader funds.

Dated this 4th day of November, 2026.

James C. Mahan

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE